UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAY GOEBEL,<br>    *Plaintiff*,<br><br>v.<br><br>UNITEDHEALTH GROUP, INC.,<br>    *Defendant.* | )<br>)<br>)<br>)<br>)   3:22-CV-429 (OAW)<br>)<br>)<br>)<br>)<br>) |

## ORDER STAYING CASE AND COMPELLING ARBITRATION

This action is before the court upon Defendant's Motion to Compel Arbitration and Stay Proceedings ("Motion"). ECF No. 18. The court has reviewed the Motion, Plaintiff's response, *see* ECF No. 25, Defendant's reply, *see* ECF No. 27, and the record in this case and is fully advised in the premises. For the reasons discussed herein, the Motion is granted.

The facts in this matter are not in dispute. This case arises out of Plaintiff's employment with Defendant from August 2021 until January 2022. ECF No. 18-1 at 2. Plaintiff asserts that Defendant violated the Americans with Disabilities Act ("ADA") by inquiring into his vaccination status, placing him on administrative leave, and ultimately terminating him. ECF No. 1 at 2.

Defendant asserts in the Motion that Plaintiff executed a valid and binding arbitration agreement in connection with his employment which covers the claims asserted in this action. They ask the court to enforce that agreement and stay this case pending arbitration. Plaintiff responds that the agreement does not cover ADA claims.

The court agrees with Defendant.

1

The Federal Arbitration Act ("FAA"), 9 U.S.C.A. § 1 *et seq.*, binds courts to enforce a valid arbitration agreement with very few exceptions. The FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (emphasis in original). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration . . . ." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983). In determining whether to compel arbitration, courts must first find that the parties agreed to submit the relevant claim to arbitration, and then confirm that there is no applicable exemption within the FAA itself. *See Mitsubishi Motors v. Soler Chrysler–Plymouth*, 473 U.S. 614, 628 (1985) ("Having made the bargain to arbitrate, the party should be held to it unless Congress itself has evinced an intention to preclude a waiver of judicial remedies for the statutory rights at issue."). Once a court has concluded that a claim is arbitrable, it may then stay proceedings pending completion of arbitration. 9 U.S.C. § 3.

With respect to the first step in this inquiry, it is clear that Plaintiff has entered into an arbitration agreement. Defendant has attached the agreement, with Plaintiff's signature, to the Motion. *See* ECF No. 18-3. Plaintiff does not dispute that he did execute the agreement. Rather, he argues that the agreement, by its terms, does not apply to ADA claims.

A review of the agreement, though, quickly shows that Plaintiff's position is untenable. The agreement applies to "employment-related disputes," including claims for discrimination, retaliation claims, and claims for violations of federal law. ECF No. 18-3

at 5.  Plaintiff argues, though, that the agreement excludes claims that "controlling federal law bars from the coverage of mandatory pre-dispute arbitration agreements," and Plaintiff asserts that the ADA is such law.  *Id.* at 6.  But the opposite is true; the ADA explicitly authorizes claims to be resolved by alternative means.  42 U.S.C.A. § 12212; *see also Virk v. Maple-Gate Anesthesiologists, P.C.,* 657 F. App'x 19, 22 (2d Cir. 2016) (finding that an arbitration agreement in an employment contract was applicable to ADA claims).  Plaintiff's first argument therefore is unavailing.

Plaintiff also argues (1) that his right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC") grants him the right to seek relief in court, and (2) that the EEOC's recent statement rescinding its previous position regarding mandatory binding arbitration supports his position, but both these arguments also must fail.  While an arbitration agreement does not bar an individual from bringing a grievance to the EEOC, the right-to-sue letter does not nullify the effect of the agreement with respect to bringing suit in court thereafter.  *See Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 28–29 (1991) (finding that a victim of discrimination may still file a charge with the EEOC despite being subject to an arbitration agreement, but also noting that "the mere involvement of an administrative agency in the enforcement of a statute is not sufficient to preclude arbitration.").  And the EEOC's published statement actually supports Defendant, since it formally rescinds the EEOC's previous position that arbitration agreements undermine civil rights and antidiscrimination laws.  *See* "Rescission of Mandatory Binding Arbitration of Employment Discrimination Disputes as a Condition of Employment," available at https://www.eeoc.gov/wysk/recission-mandatory-binding-arbitration-employment-discrimination-disputes-condition (last visited April 1, 2023).  The

3

Supreme Court of the United States clearly has ruled to the contrary, and the EEOC has altered its position in response to those rulings. *Id.*

Thus, it is clear that a binding and enforceable arbitration agreement did exist between the parties, and that Plaintiff's claims are covered by the agreement. Therefore, the FAA demands that the court enforce the agreement. Further, the court finds it in the interest of judicial efficiency to stay these proceedings pending completion of arbitration.

Accordingly, it is hereupon **ORDERED AND ADJUDGED** as follows:

1. The Motion to Compel Arbitration and Stay Proceedings, ECF No. 18, is **GRANTED.**

2. The parties are instructed to submit to arbitration in accordance with their agreement.

3. This matter is stayed pending arbitration.

**IT IS SO ORDERED** at Hartford, Connecticut, this 3rd day of April, 2023.

                                    /s/
OMAR A. WILLIAMS
UNITED STATES DISTRICT JUDGE