# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JAY GOEBEL, | ) | |
|     *Plaintiff,* | ) | |
| | ) | |
|   v. | ) | |
| | ) | 3:22-CV-429 (OAW) |
| UNITEDHEALTH GROUP, INC., | ) | |
|     *Defendant.* | ) | |
| | ) | |
| | ) | |

## <u>RULING DENYING MOTION FOR RECONSIDERATION</u>

**THIS CAUSE** is before the court upon Plaintiff's motion seeking reconsideration, leave to amend the complaint, and an order reinstating the case ("Motion").  *See* ECF Nos. 40.  The court has reviewed the Motion, Defendants' Opposition thereto, *see* ECF No. 41, Plaintiff's reply in support of the motion, *see* ECF No. 42, and the record in this matter and is thoroughly advised in the premises.  For the reasons discussed herein, the Motion is **<u>DENIED</u>.**

Plaintiff brought this suit against Defendant asserting claims under the Americans with Disabilities Act ("ADA").  Defendant moved to compel arbitration in accordance with an agreement Plaintiff executed at the start of his employment with Defendant.  The court granted that motion over Plaintiff's objection.  ECF No. 36.  Plaintiff asks the court to reconsider that ruling, and to reopen the case with Plaintiff's second amended complaint (which he already has filed, *see* ECF No. 43) as the operative pleading.

"A motion for reconsideration is an extraordinary request that is granted only in rare circumstances . . . ."  *Van Buskirk v. United Grp. of Companies, Inc.*, 935 F.3d 49,

54 (2d Cir. 2019).  "The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citation omitted).  Reconsideration is an opportunity for the court to correct its own mistakes; it is not a second opportunity for a litigant to argue its position.  *Nat'l Union Fire Ins. Co. of Pittsburg, PA v. Las Vegas Prof'l Football Ltd. P'ship*, 409 F. App'x 401, 403 (2d Cir. 2010).   Accordingly, no new arguments and no new facts may be presented in a motion for reconsideration.  *Id.*

The local court rules require that a motion for reconsideration be filed within seven days of the subject ruling.  D. Conn. L. Civ. R. 7(c)(2).  Defendant points out that twice the allowable time period had elapsed by the time the Motion was filed.  Defendant argues that the Motion should be denied for this procedural defect alone.  Plaintiff argues that the Motion proceeds under Federal Rule of Civil Procedure 60(b), which allows a movant to seek relief from an order because of mistake or excusable neglect, and which only requires a motion to be filed within a year   The court doubts that Rule 60(b) is applicable, and acknowledges that it would be within its discretion to deny the Motion as untimely, but declines to take that approach, recognizing that Plaintiff is self-represented and, therefore, that he is entitled to some relaxation of the procedural requirements.

However, the court agrees with Defendant that the Motion must be dismissed on the merits.  In his response to Defendant's motion to compel arbitration, Plaintiff argued that the arbitration agreement he signed does not apply to ADA claims, and that he was entitled to seek relief in court pursuant to certain communications from the Equal

Employment Opportunity Commission ("EEOC").  The court rejected both arguments. Now, Plaintiff proffers an entirely new argument that he actually had *not* agreed to binding arbitration at all (a point which he had conceded in the prior proceeding), but instead had altered the word "binding" to "non-binding" throughout the agreement, and had placed his initials next to each alteration.  Thus, he argues, his case ought to be reopened.

In the first instance, even if he had only agreed to non-binding arbitration, he still would be obligated to go to arbitration before pursuing his claims in court.  As such, it is clear he is not entitled to the relief he seeks, even if the court were to accept his argument. But the court does not accept his argument.  Not only is it entirely new, but it also is directly contradictory to his previous position that he had executed the binding arbitration agreement.  Moreover, he has not shown good cause for his failure to raise this argument before.  He asserts he made a mistake or acted with excusable neglect when he did not attach his altered agreement as an exhibit to his previous response, but he not only failed to submit all relevant documents; he failed to raise this point *at all*.[1]  The instant Motion clearly is an attempt to relitigate a settled question, not a true request for reconsideration.

Finally, his unilateral alteration of the terms of the arbitration agreement plainly is irrelevant.  Not only does it fail to show any assent from Defendant, but Plaintiff still concedes that he executed an *unaltered* arbitration agreement months before delivering his preferred version to Defendant.  Thus, the first agreement clearly remains in full effect, and Defendant is entitled to resolve Plaintiff's claims via binding arbitration.

---

[1] For this reason, Rule 60(b) would be inapplicable.

Accordingly, the Motion for Reconsideration, ECF No. 40, hereby is **<u>DENIED.</u>**  The case will not be reopened, and Plaintiff will not be permitted to amend the complaint.  The Clerk of Court is asked, respectfully, to please strike the second amended complaint, ECF No. 43, from the record.

**IT IS SO ORDERED** at Hartford, Connecticut, on this 30th day of March, 2024.

_____/s/_____
OMAR A. WILLIAMS
United States District Judge
